UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. HAWKINS,<br>　　　　Petitioner<br>　v.<br>S. SHERMAN, WARDEN,<br>　　　　Respondent. | Case No. CV 17-7339-DMG (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS AND/OR LACK OF EXHAUSTION |

On October 6, 2017, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district (Dkt. 1, "Petition"). The Petition stems from Petitioner's July 28, 1999 conviction in Los Angeles County Superior Court Case No. VA051171 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B136796). He raised five claims, including asserted trial court error in consolidating counts and failing to sua sponte instruct the jury, insufficiency of the evidence as to one count, sentencing error, and error in the abstract of judgment. (*See* copy of Appellant's Opening Brief appended to the Petition.) On October 19, 2000, the California Court of Appeal affirmed the

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

judgment. Petitioner did not file a petition for review with the California Supreme Court, and therefore, on December 21, 2000, the Remittitur issued.

Over 16 years passed. On May 24, 2017, Petitioner filed a habeas petition in the California Supreme Court that raised two claims challenging the adequacy of the identifications made by the two victims. (Case No. S242142; *see* copy of habeas petition appended to the Petition.) On July 19, 2017, the California Supreme Court denied the petition on the ground that it was untimely, as well as based on two other state law procedural bars.

The Petition bears a signature date of September 26, 2017, and the envelope in which it was mailed to the Court indicates that Petitioner provided it to a correctional officer for mailing on that same date. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on September 26, 2017. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE PETITION IS UNEXHAUSTED

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to the issue(s) presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (emphasis added); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

2

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See Baldwin*, 541 U.S. at 29 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

The Petition seeks to raise here the five claims that Petitioner alleged in his direct appeal. (*See* Petition at 5-6: for purposes of Grounds One through Five, directing the Court to "see" pages 10-42 of the appended Appellant's Opening Brief.) Petitioner, however, did not file a petition for review in his direct appeal, and his habeas petition filed with the California Supreme Court alleged two different claims. Petitioner, therefore, has not presented Grounds One through Five to the California Supreme Court, and the claims are unexhausted as a result.

When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his claims are exhausted. Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in

3

limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall: state whether he believes the Petition is exhausted and, if so, explain why; or state whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. Petitioner is cautioned that, at present, the Court is disinclined to grant a *Rhines* stay given the apparent untimeliness of the Petition, which would render element (2) above unsatisfied. In addition, there is no apparent basis in the record for finding that there was good cause for Petitioner's failure to exhaust his claims, thus rendering element (1) unsatisfied as well. Nonetheless, if Petitioner wishes to seek a stay of this action and believes that he can satisfy the *Rhines* standard, he may attempt to do so in his Response and the Court will consider his arguments carefully.[2]

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the expiration of his time to appeal. *Randle v. Crawford*, 578 F.3d 1177, 1183-86 (9th Cir. 2009). Petitioner did not file a petition for review in his direct appeal after the California Court of Appeal issued its decision on October 19, 2000. Thus, under California law, his criminal judgment was final 40 days later, *i.e.*, on November 28, 2000. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002); Rules 8.264(b) and 8.500(e)(1) of the California Rules of Court. Therefore, Petitioner had until November 28, 2001, in which to file a timely federal habeas petition. As the instant Petition was not filed until September 26, 2017, it is

---

[2] Of course, if there is an ultimate finding that the Petition is untimely, dismissal will follow and no *Rhines* stay will issue.

4

untimely by almost 16 years, absent tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Petitioner did not file a state habeas petition until his California Supreme Court habeas petition was filed in May 2017, over 15 years <u>after</u> his limitations period had expired. By that point, there was no limitations period to be tolled. As a result, the 2017 state high court petition cannot serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Accordingly, Section 2244(d)(2) tolling is inapplicable in this case.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the

requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking relief for over 15 years. There also is nothing in the record that explains, much less justifies, Petitioner's egregious delay. The five claims he raises here were fully briefed as of April 2000, when Petitioner filed his Opening Brief on appeal. Even though appellate counsel did not file a petition for review, Petitioner could have filed a timely habeas petition in the state high court based on that existing formulation of his claims. Instead, he waited well over 15 years, then filed a state high court petition that raised an entirely different claim attacking the victims' identifications, which he stated rested on 1979 and 1997 California Supreme Court decisions. Petitioner, thus, not only failed to exhaust his five claims, but delayed substantially in raising his newly-asserted identification claim. Under these circumstances, the diligence prong of the equitable tolling doctrine is not met.

In sum, absent further evidence, it is plain that the Petition is untimely by almost 16 years.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, the Court may raise exhaustion problems *sua sponte*. *Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness and/or the ground of unexhaustion. By no later than **December 7, 2017**, Petitioner shall file a Response to this Order To Show Cause addressing both issues as follows:

1. If Petitioner concedes that this action is untimely, he shall so state clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action.

2. In addition, Petitioner shall state clearly whether he concedes that the Petition is unexhausted. If Petitioner contends that the Petition is exhausted, he must explain why. If Petition concedes that the Petition is unexhausted, he shall specify which of the foregoing two options he elects. If Petitioner seeks a *Rhines* stay, he must explain how and why the above-described *Rhines* standard is satisfied.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness and/or the ground of exhaustion.**

**IT IS SO ORDERED.**

DATED: November 7, 2017.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

7