# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA C. HAWKINS,<br><br>Petitioner<br><br>v.<br><br>S. SHERMAN, WARDEN,<br><br>Respondent. | Case No. CV 17-7339-DMG (GJS)<br><br>ORDER DISMISSING PETITION WITH PREJUDICE FOR UNTIMELINESS; AND DENYING A CERTIFICATE OF APPEALABILITY |

On October 6, 2017, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District (Dkt. 1, "Petition"). The Petition stems from Petitioner's July 28, 1999 conviction in Los Angeles County Superior Court Case No. VA051171 (the "State Conviction"). (Petition at 2.)[1]

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. B136796). He raised five claims, which alleged trial court error in consolidating counts, trial court error in failing to sua sponte instruct the jury, insufficiency of the evidence as to one count, California Penal Code § 654 sentencing error by staying the sentence on Count 2 and imposing sentence on Count 4, and error in the abstract of judgment in connection with a

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court.

parole revocation fine. (*See* copy of Appellant's Opening Brief appended to the Petition.) On October 19, 2000, the California Court of Appeal affirmed the judgment. Petitioner did not file a petition for review with the California Supreme Court, and therefore, on December 21, 2000, the Remittitur issued.

Over 16 years passed. On May 24, 2017, Petitioner filed a habeas petition in the California Supreme Court. This petition did not raise the five claims raised on appeal as noted above and, instead, raised two overlapping claims challenging the adequacy of the identifications made by two victims. (Case No. S242142; *see* copy of habeas petition appended to the Petition.) On July 19, 2017, the California Supreme Court denied the petition on the ground that it was untimely, as well as based on two other state law procedural bars.

The Petition bears a signature date of September 26, 2017, and the envelope in which it was mailed to the Court indicates that Petitioner provided it to a correctional officer for mailing on that same date. Pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on September 26, 2017. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

On November 7, 2017, United States Magistrate Judge Gail J. Standish issued an Order To Show Cause, which directed Petitioner to file a Response addressing the facial untimeliness and unexhausted nature of the Petition [Dkt. 6, "OSC"]. In particular, the OSC: explained why the Petition was facially untimely and why neither statutory tolling nor equitable tolling appeared to apply; and explained why the Petition appeared to be fully unexhausted, advised Petitioner of his attendant two options (voluntary dismissal without prejudice or requesting a stay to pursue exhaustion under *Rhines v. Weber*, 544 U.S. 269 (2005)), and directed him to advise if he wished to seek a *Rhines* stay. On November 30, 2017, Petitioner filed a Response to the OSC [Dkt. 7].

The Court has considered the Petition, the record, and Petitioner's Response. Having done so, the Court concludes that dismissal of this action, with prejudice, is warranted due to untimeliness.[2]

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1). Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the expiration of his time to appeal. *Randle v. Crawford*, 578 F.3d 1177, 1183-86 (9th Cir. 2009). Petitioner did not file a petition for review in his direct appeal after the California Court of Appeal issued its decision on October 19, 2000. Thus, under California law, his criminal judgment was final 40 days later, *i.e.*, on November 28, 2000. *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002); Rules 8.264(b) and 8.500(e)(1) of the California Rules of Court. Therefore, Petitioner had until November 28, 2001, in which to file a timely federal habeas petition. As the instant Petition was not filed until September 26, 2017, it is untimely by almost 16 years, absent tolling.

Section 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. Petitioner did not file a state habeas petition until his California Supreme Court habeas petition was filed in May 2017, over 15 years <u>after</u> his limitations period had expired. By that point, there was no limitations period to be tolled. As a result, the 2017 state high court petition cannot serve as a basis for Section 2244(d)(2) statutory tolling. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended

---

[2] For the reasons set forth in the OSC, the Petition plainly is unexhausted. Nothing in the Response alters that conclusion. Given that the Petition is untimely, there is no point to staying it (especially given that Petitioner has not asked the Court to do so) or dismissing it on the ground of exhaustion without prejudice.

before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely). Accordingly, Section 2244(d)(2) tolling is inapplicable in this case.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 & n.8 (2005). Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking relief for over 15 years. There also is nothing in the record that explains, much less justifies, Petitioner's egregious delay. The five claims he raises here were fully briefed as of April 2000, when Petitioner filed his Opening Brief on appeal. Even though appellate counsel did not file a petition for review, Petitioner could have filed a timely habeas petition in the state high court based on that existing

4

formulation of his claims. Instead, he waited well over 15 years, then filed a state high court petition that raised an entirely different set of claims attacking the victims' identifications, which he stated rested on 1979 and 1997 California Supreme Court decisions. Petitioner, thus, not only failed to exhaust his five claims, but delayed substantially in raising his newly-asserted identification claims. Under these circumstances, the diligence prong of the equitable tolling doctrine is not met.

Critically, in his Response, Petitioner does not contend that he is entitled to receive any equitable tolling. Rather, he contends that the Petition is timely due to the November 2016 passage of Proposition 57, as set forth in section 32, article I of the California Constitution, which he contends renders the instant Petition not "second in time" and timely. This contention lacks merit.

In relevant part, Proposition 57 provides that California prisoners convicted of non-violent felony offenses are to be considered eligible for parole consideration after completing the full term for their primary offenses, *i.e.*, the "longest term of imprisonment imposed by the court for any offense." Cal. Const., art. I, § 32(a). "'For purposes of Proposition 57, violent felonies are defined in California Penal Code § 667.5(c).'" *Solano v. California Substance Abuse Treatment Facility*, No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at *2 (C.D. Cal. Oct. 24, 2017) (citation omitted), *adopted by* 2017 WL 5641027 (Nov. 21, 2017).

Petitioner was convicted of the primary offense of attempted willful, deliberate premeditated murder, which is a violent felony under California Penal Code § 667.5(c)(12). In addition, he received an indeterminate term of life for that primary offense, plus 53 years for the other counts of which he was convicted. (*See* Petition at 10-11.) In short, Proposition 57 has nothing to do with Petitioner, his habeas claims, and/or his limitations period and cannot serve as a source of habeas relief. As a result, the 2016 enactment of this California provision did not re-open

his long-expired limitations period[3] and the Petition remains untimely by almost 16 years.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In addition, district courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). Petitioner has received that opportunity to be heard through his Response to the OSC and has not come close to showing any basis for finding the grossly delayed Petition to be timely. Given that it plainly appears that the Petition is untimely, it must be dismissed with prejudice.

Accordingly, IT IS ORDERED that the Petition is dismissed, with prejudice, for untimeliness; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a

---

[3] Petitioner relies on *Gonzalez v. Sherman*, 873 F.3d 763 (9th Cir. 2017) (which he mistakenly refers to as *People v. Gonzales*), but his reliance is misplaced. That decision held that the state court's alteration of a prisoner's pre-sentence credits and related amendment of the abstract of judgment constituted a "new, intervening judgment" in the case before it, which rendered his second in time habeas petition not second or successive. The issue here is untimeliness, not whether the instant Petition is second or successive. Moreover, there is no showing, or reason to believe given the nature of his sentence and crimes, that Petitioner has received a new or amended abstract of judgment based on an alteration of his pre-sentence credits pursuant to Proposition 57 or otherwise.

certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: December 18, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE